HENRY ROSENTHAL, Respondent, v. W. B. DRAKE, Appellant.

Kansas City Court of Appeals, January 8, 1900.

1. **Real Estate Broker**: DUAL AGENCY: COMMISSIONS. A real estate broker, who without the consent of the parties represents both vendor and vendee, can not recover commissions for the sale.

2. ———: ———: JURY QUESTION: INSTRUCTION: APPELLATE PRACTICE. Whether the broker is the agent of both parties is a question for the jury, and when submitted on proper instruction and evidence the appellate court can not disturb the verdict.

3. ———: AMOUNT OF COMMISSIONS: JURY QUESTION: INSTRUCTION. Where the question of the amount of the broker's commissions is submitted to the jury on proper instruction, the finding is conclusive.

Rosenthal v. Drake.

Appeal from the Johnson Circuit Court.—*Hon. W. W. Wood*, Judge.

AFFIRMED.

*Robertson & Caudle* for respondent filed an argument citing the following authorities:

Noble v. Blount, 77 Mo. 235; Schooler v. Schooler, 18 Mo. App. 69; Wetzell v. Wagoner, 41 Mo. App. 509; Meade v. Railway, 68 Mo. App. 92; Easley v. Railway, 113 Mo. 236; Burdoin v. Trenton, 116 Mo. 358; Yocum v. Trenton, 20 Mo. App. 489; Reilly v. Railway, 94 Mo. 600; Ridenhour v. Railway, 102 Mo. 270; Dickson v. Railway, 104 Mo. 491; Distilling Co. v. Creath, 45 Mo. App. 169; Bank v. Hatch, 98 Mo. 376; Hughes v. Railway, 127 Mo. 447; Kerr v. Cusenbary, 69 Mo. App. 221; Deweese v. Mining Co., 54 Mo. App. 476; s. c., 128 Mo. 423; Ins. Co. v. Hauck, 83 Mo. 21; Wright v. Brown, 68 Mo. App. 577; Gelatt v. Ridge, 117 Mo. 553 and cases cited; Childs v. Crithfield, 66 Mo. App. 422; Hayden v. Grillo, 35 Mo. App. 647; Zeidler v. Walker, 41 Mo. App. 118; Lemon v. Lloyd, 46 Mo. App. 452; Chipley v. Leathe, 60 Mo. App. 15-21.

*O. L. Houts* for appellant.

(1) It appeared conclusively from plaintiff's evidence and from all the evidence, that plaintiff in the purchase and sale of defendant's property, was operating and acting as a dual agent, and it nowhere appears that all the parties consented to a double agency. Courts refuse to countenance such an employment, and plaintiff had no right to ask or recover a commission of the defendant. Chapman v. Currie, 51 Mo. App. 40; Lynch v. Fallon, R. I. 311; Rice v. Wood, — Mass. 133. (2) Defendant in conversation with the plaintiff asked $4,000 net and he would pay no commission and would furnish no abstract. Two witnesses besides defendant swore

positively to this conversation. "Now plaintiff does not attempt to deny the truth of the statements of these witnesses and therefore their statements are to be taken as true as much so as if the plaintiff had made the admission in terms as ruled by this court in criminal cases." Payne v. Railroad, 136 Mo. 562, 594, and cases cited. The undisputed evidence is that the property was sold for $4,000 and no more. The court committed reversible error in giving instructions 2 and 3 upon the part of the plaintiff. Mallmann v. Harris Bros., 65 Mo. App. 127-133; Hohstadt v. Daggs, 50 Mo. App. 240; Carder v. Primm, 60 Mo. App. 423.

GILL, J.—Plaintiff, a real estate agent, recovered judgment for fifty dollars against defendant as commission for sale of a house and lot in Warrensburg, and the defendant appealed.

Points for reversal relate, first, to the court's action in overruling a demurrer to the evidence, and, second, to the instructions given to the jury. A careful consideration of the evidence and instructions, as set out in the abstract, fails to convince us that reversible error was committed. It is first contended that the evidence "conclusively shows" that plaintiff was the agent of the purchaser; and even then though he was employed by the defendant, he will not be allowed to recover a commission from the latter, since said double agency was not with the knowledge and consent of defendant.

The law in relation to this question is well settled. The agent will not be allowed to occupy the double attitude of serving two masters at the same time, except only where the nature of his employment is known and consented to by both principals. Such an engagement is condemned as against a sound public policy. The agent can not faithfully serve the vendor in an effort to secure the highest price for the property offered for sale, and at the same time serve the vendee in

Rosenthal v. Drake.

getting the property at the lowest price obtainable. While being true to one, the agent must necessarily be false to the other. This is the law as laid down in the authorities, some of which are cited by defendant's counsel.

II. But we are not prepared to say that the evidence in this case is all one way, and that beyond dispute the plaintiff was in the employ of the purchaser of the property. The evidence was conflicting in that respect; and in the light of the instructions given, the jury found that no such double agency existed, that plaintiff in the sale of the real estate did not act for the purchaser. The court gave defendant's third instruction which told the jury, "that if they believed from the evidence in this case that in the sale and purchase of the property in question the plaintiff was operating and acting for the purchaser, then he can not recover commission off of the defendant." On the issue thus submitted the jury found against the defendant; and since, as already stated, there was evidence either way, we are not authorized to disturb the judgment on that account.

III. And so further the evidence was conflicting as to whether or not plaintiff's commission was dependent on the fact that the property should sell in excess of $4,000—that defendant's property was to net him the sum of $4,000. This was likewise clearly submitted by defendant's second instruction and the decision of the jury must be treated as final and conclusive.

As to the instructions given, we fail to discover reversible error. They were entirely fair to the defense, and without any conflict declared the law as settled by repeated decisions in this state. The decisive questions were, as stated in defendant's first instruction, whether plaintiff was employed by defendant to sell the property and secondly whether or not the plaintiff "sold the property or was the procuring cause of the sale," etc. In short, the case was fairly tried and the judgment must be affirmed. All concur.